IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID D. BURRISS,

                Plaintiff,

                                    CIVIL ACTION
       vs.                                 No. 03-3372-GTV

R. GORDON, et al.,

                Defendants.


**ORDER**

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983 while plaintiff was incarcerated in El Dorado Correctional Facility in El Dorado, Kansas.[1]

    Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

    In this action, plaintiff alleges defendants have been deliberately indifferent to his serious medical needs. Specifically, plaintiff alleges that he was denied timely and appropriate treatment for back pain, denied proper diagnosis and treatment for a rash on his chest and arms, and denied effective treatment for knee pain.  Characterizing this as disregard for potentially life threatening conditions, plaintiff seeks damages

---

    [1]Court records reflect that plaintiff is currently incarcerated in Lansing Correctional Facility in Lansing, Kansas.

from various defendants at the El Dorado facility.

To allege a valid claim under 42 U.S.C. 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992). Accordingly, plaintiff's allegations that defendants violated state prison regulations in their processing of plaintiff's medical requests and inmate grievance forms state no cause of action under 42 U.S.C. 1983.

It is recognized that prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). *See e.g.* <u>Garrett v. Stratman</u>, 254 F.3d 946, 949 (10th Cir. 2001) (Eighth Amendment violation if prison officials knows of and disregard an excessive risk to inmate health or safety). Claims of deliberate indifference to serious medical needs contain both a subjective and an objective component. <u>Sealock v. Colorado</u>, 218 F.3d 1205, 1209 (10th Cir. 2000). An Eighth Amendment claim of deliberate indifference to serious medical needs requires a showing of both a "sufficiently serious" deprivation and a "sufficiently culpable state of mind" by a prison official.[2] <u>Oxendine v. Kaplan</u>, 241 F.3d 1272, 1276

---

[2]For the objective component, the medical need must be sufficiently serious, which has been defined as including a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Hunt v. Uphoff</u>, 199 F.3d 1220, 1224 (10th Cir. 1999)(internal quotations omitted). To satisfy the subjective component, a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." <u>Id</u>.

(10th Cir. 2001).

It is clear, however, that a negligent failure to provide adequate medical care, even if constituting medical malpractice, does not give rise to a constitutional violation. <u>Perkins v. Kan. Dept. of Corrections</u>, 165 F.3d 803, 811 (10th Cir. 1999). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. <u>Estelle</u>, 429 U.S. at 106-07; <u>Johnson v. Stephan</u>, 6 F.3d 691, 692 (10th Cir. 1993); <u>Ledoux v. Davies</u>, 961 F.2d 1536 (10th Cir. 1992). Further, any delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. <u>Olson v. Stotts</u>, 9 F.3d 1475 (10th Cir. 1993); <u>Sealock</u>, 218 F.3d at 1210.

Having reviewed the record, the court finds plaintiff's numerous grievances and administrative responses thereto fully demonstrate that plaintiff received reasonable medical attention and treatment in response to his multitude of complaints on numerous occasions, and that he was not subjected to "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. Although the care received was not as immediate or effective as plaintiff would like, his allegations show nothing more than a difference of opinion as to the treatment provided for his medical needs. Nor does plaintiff identify any untoward hardship or lasting physical injury resulting from any delay or error in the administration of such treatment. This is insufficient to state a cognizable constitutional claim.

For these reasons, the court directs plaintiff to show cause

why the complaint should not be dismissed as stating no claim for relief.  See 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

Plaintiff's motions for appointment of counsel (Docs. 6 and 7) are denied.  Having reviewed plaintiff's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.  See Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

Plaintiff's bare motion for the release of his medical records by providing plaintiff "a copy of all medical records and fees" (Doc. 8) is denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motions for appointment of counsel (Docs. 6 and 7) are denied.

IT IS FURTHER ORDERED that plaintiff's motion for the release of medical records (Doc. 8) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 29th day of July 2005 at Topeka, Kansas.

　　　　　　　　　　　　　　　　　　  s/ Sam A. Crow   
　　　　　　　　　　　　　　　　　　SAM A. CROW  
　　　　　　　　　　　　　　　　　　U.S. Senior District Judge